**WILMINGTON TYPOGRAPHICAL UNION NO. 123, Plaintiff,**

v.

**The NEWS–JOURNAL COMPANY, Defendant.**

Civ. A. No. 79–520.

United States District Court, D. Delaware.

May 8, 1981.

Harvey B. Rubenstein of Wilmington, Del., for plaintiff; Robert M. Abramson of Abrams, Aramson & Tabb, Philadelphia, Pa., of counsel.

Richard G. Elliott, Jr. of Richards, Layton & Finger, Wilmington, Del., John B. Jaske, Rochester, N. Y., for defendant.

OPINION

CALEB M. WRIGHT, Senior District Judge.

The Wilmington Typographical Union ("Union") has sued to enforce the Arbitration Award rendered August 22, 1979 requiring the News-Journal Company ("Company") to reinstate its former employee George D. McDonnell. The case is before the Court on motions by both parties for summary judgment. For the reasons stated below, defendant's motion is granted, and plaintiff's, denied.

I. FACTUAL BACKGROUND

On November 18, 1978, the Union and the Company entered into a collective bargaining agreement ("Agreement") retroactive to May 1, 1978, for a three-year term. The Agreement provided for involuntary retirement of employees once they reached a certain age. Prior to January 1, 1979, the mandatory retirement age was to be 65 years, and thereafter, 70 years. On December 31, 1978, the Company terminated the employment of McDonnell, an employee covered by the Agreement and a member of the Union. McDonnell had attained the age of 65 on December 9, 1978.

The Union then invoked the grievance procedure specified in the Agreement in order to obtain McDonnell's reinstatement. The grievance was submitted to a committee of employer representatives and union members; when the committee failed to reach an accord, the Union and the Company agreed to refer the matter to an impartial arbitrator selected through the auspices of the American Arbitration Association. After a full hearing and submission of briefs by the parties, the Arbitrator, H. T. Herrick, concluded that the language of the Agreement which would justify McDonnell's forced retirement was contrary to the terms of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADE Act"), and directed that McDonnell be reinstated. The Company refused to comply with the Award, and the Union brought this action. Jurisdiction of this Court is predicated upon § 301 of the Labor-Management Relations Act, 1947, 29 U.S.C. § 185.

II. ISSUES

A.

There being no genuine issue of material fact, the Court must first decide whether the Company is precluded from contesting the award of the Arbitrator by

reason of Section 37–03 of the Agreement. This section delineates the arbitration procedures and provides that "[t]he decision of the Board of Arbitration is legal and binding when signed by a majority and is not subject to appeal."[1] The Union argues that, by reason of this provision, the Company cannot dispute the authority of the Arbitrator. Although under established federal labor law, courts will not review the merits of an arbitration award, *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), an arbitrator's power is limited, irrespective of a "no appeal" clause in the collective bargaining agreement. The arbitrator "is confined to interpretation and application of the collective bargaining agreement.... When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *Id.* at 597, 80 S.Ct. at 1361. Because the arbitrator's authority flows from the collective bargaining agreement, it is not absolute, but conditional, and thus remains open to challenge. *See Torrington Co. v. Metal Products Workers Union Local 1645*, 362 F.2d 677, 680 n. 6 (2d Cir. 1966).

■ Nor, since the courts have imposed this condition, can the parties contractually remove this limitation on the arbitrator's power:

> The power of the federal courts to enforce the terms of private agreements is at all times exercised subject to the restrictions and limitations of the public policy of the United States as manifested in the Constitution, treaties, federal statutes, and applicable legal precedents.

*Hurd v. Hodge*, 334 U.S. 24, 34–35, 68 S.Ct. 847, 852–53, 92 L.Ed. 1187 (1948) (footnote omitted). The substantive principles of labor law which the federal courts are empowered to fashion, *see Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), are a part of this public policy. *Electrical, Radio & Machine Workers, Local 453 v. Otis Elevator Co.*, 314 F.2d 25, 29 (2d Cir.), *cert.*

*denied*, 373 U.S. 949, 83 S.Ct. 1680, 10 L.Ed.2d 45 (1963). Therefore, the Court will not enforce a private agreement's absolute denial of review; such a provision would violate the principle that the enforceability of an arbitrator's decision is conditioned upon its being restricted to interpretation and construction of the contract.

### B.

■ The Company asserts that the Arbitrator exceeded his authority by invalidating a portion of the Agreement as in violation of the ADE Act and argues for summary judgment on this basis alone. The Union relies upon the Arbitrator's Award and the arbitration decisions cited therein.

■ In commenting on a case in which the basis of the arbitrator's award was more ambiguous than here, the Supreme Court gave a clear statement of the Arbitrator's authority: the arbitrator "may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, supra at 597, 80 S.Ct. at 1361. In *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 53, 94 S.Ct. 1011, 1022, 39 L.Ed.2d 147 (1974), the Court was even more explicit:

> As the proctor of the bargain, the arbitrator's task is to effectuate the intent of the parties. His source of authority is the collective-bargaining agreement, and he must interpret and apply that agreement in accordance with the "industrial common law of the shop" and the various needs and desires of the parties. The arbitrator, however, has no general authority to invoke public laws that conflict with the bargain between the parties.
>
> \* \* \* \* \* \*
>
> If an arbitral decision is based "solely upon the arbitrator's view of the requirements of enacted legislation," rather than on an interpretation of the collective-bargaining agreement, the arbitrator has "exceeded the scope of the submission," and the award will not be enforced.

---

1. That this provision applies even when the procedure is modified by recourse to one arbitrator rather than a board has not been contested.

(*quoting United Steelworkers of America v. Enterprise Wheel & Car Corp., supra* at 597, 80 S.Ct. at 1361 (1960)). The Court there rested its decision, that the submission of a discrimination claim to arbitration would not foreclose an employee's statutory right to a trial *de novo* under Title VII of the Civil Rights Act of 1964, in part on the fact that the arbitrator's task is "to effectuate the intent of the parties rather than the requirements of enacted legislation. Where the collective-bargaining agreement conflicts with Title VII, the arbitrator must follow the agreement." *Id.* at 56–57, 94 S.Ct. at 1023–24. *Accord, Barrentine v. Arkansas-Best Freight System; Inc.,* —— U.S. ——, ——, 101 S.Ct. 1437, 1445–47, 67 L.Ed.2d 641 (1981), (arbitrator "is required to effectuate the intent of the parties, rather than to enforce the statute"); *Ludwig Honold Mfg. Co. v. Fletcher,* 405 F.2d 1123 (3d Cir. 1969) (*United Steelworkers of America v. Enterprise Wheel & Car Corp., supra,* grants arbitrator unreviewable power to interpret the contract but confines him to "the four corners of the collective bargaining agreement."). *But see* Young, The Authority and Obligation of a Labor Arbitrator to Modify or Eliminate a Provision of a Collective Bargaining Agreement Because in His Opinion it Violates Federal Law, 32 *Ohio State L.J.* 395 (1971). Though the arbitrator may be faced with questions which are the subject of both contractual agreement and federal law, *Gardner-Denver, supra; Local 901 v. Flagship Hotel Corp.,* 95 *L.R.R.M.* 2334 (1st Cir. 1977); *Satterwhite v. United Parcel Service, Inc.,* 496 F.2d 448 (10th Cir.), *cert. denied* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974),[2] the arbitrator is confined to the resolution of questions of contractual rights, regardless of whether they resemble or duplicate statutory rights, *Gardner-Denver, supra* at 53–54, 94 S.Ct. at 1022.

At the hearing before Arbitrator Herrick, the Union argued that McDonnell's involuntary retirement should be set aside as contrary to the ADE Act although not a violation of the Agreement. The Arbitrator determined that in order to fulfill his duty to resolve disputes as to "questions which arise as to construction to be placed upon any clause of [the] agreement . . . or alleged violations thereof . . . ," he would have to decide whether the relevant provision of the Agreement violated the ADE Act. The Arbitrator thus relied on his interpretation of the powers given him by the Agreement and the consensus of arbitrators that they will not decide cases in such a way as to require or permit illegal acts, Docket 1, Ex. D at 7–8. However, there is no dispute that the Arbitrator's decision that the relevant portion was contrary to the ADE Act, and therefore unenforceable, did not draw its essence from the Agreement. Given this "manifest disregard of the Agreement, totally unsupported by principles of contract construction and the law of the shop," *Ludwig Honold Mfg. Co. v. Fletcher, supra* at 1128, the Arbitrator's Award cannot be enforced. Therefore, the Arbitrator's Award is vacated, and the dispute is remanded to the Arbitrator for reconsideration in light of this Opinion.

---

2. Whether the arbitrators' decisions in these cases were to any extent based on statutory law is unclear, and none supports the proposition that an arbitrator has the authority to interpret and apply such law.